**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRUCE A. ROGERS                : CIVIL ACTION
                               :
    vs.                        :
                               : NO. 10-CV-3129
HELEN OF TROY LIMITED, L.P.    :

**ORDER**

AND NOW, this    21st    day of October, 2010, upon consideration of the Motion of Defendant, Helen of Troy Limited, L.P. to Dismiss the Plaintiff's Complaint and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED[1] and Plaintiff's Complaint is DISMISSED with leave to

---

[1] In considering motions to dismiss, the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 224 (3d cir. 2000). In so doing, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). "It is therefore no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." Umland v. Planco Financial Services, Inc., 542 F.3d 59, 64 (3d Cir. 2008), quoting Philips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record; a court may also take judicial notice of a prior judicial opinion. McTernan v. City of York, PA, 577 F.3d 521, 526 (3d Cir. 2009); Buck v. Hampton Township School District, 452 F.3d 256, 260 (3d Cir. 2006).

In this case, the plaintiff's complaint consists of two counts for false marking in violation of 35 U.S.C. §292 against Defendant for its use of patent no. 7,373,940 (the "'940 patent"). The two elements of a §292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public. Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 )Fed. Cir. 2009). "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." Id., quoting Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). Because the statute requires that the false marker act

Plaintiff to file an Amended Complaint within fourteen (14) days of the entry date of this Order.

                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,         J.

---

"for the purpose of deceiving the public," a purpose of deceit, rather than simply knowledge that a statement is false, is required. Pequignot v. Solo Cup Co., 608 F. 3d 1356, 1363 (Fed. Cir. 2010). Thus, mere knowledge that a marking is false is insufficient to prove intent; rather, it must be shown that the defendant consciously desired the result that the public be deceived. Id.

   Although there is a dearth of case law as to whether a §292 claimant need comply only with the general pleading requirements of Fed. R. Civ. P. 8(a) or the more specific requirements of Rule 9(b)(requiring the circumstances underlying claims of fraud or mistake to be pled with particularity), we believe that this question may be answered simply by close examination of the foregoing rules. To be sure, Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting such fraud or mistake shall be stated with particularity." Rule 9(b) goes on to further provide that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Insofar as the act of falsely marking something as "patented" when it in fact is not has all the hallmarks of a fraudulent or at the very least, a mistaken act, we believe that the plaintiff here is required to plead the particular facts surrounding the false marking, *i.e.*, the "who, what, where, and when of the allegedly false or mistaken mark(ing)." See, e.g., Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009), quoting Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004). However, as to the defendant's intention to deceive, *i.e.*, its state of mind, general allegations are sufficient.

   Examining the complaint here, we first find that, while copies of the patent, the allegedly falsely marked packaging, the hair accessory and the copyright notice and false patent designation at issue are all referenced as exhibits, none are actually attached. Similarly, it is unclear how or if Defendant Helen of Troy owns or has some type of interest in the patent at issue. Furthermore, while the complaint generally avers that the defendant sold its "Invis-A-Grip" hair clip and "countless articles" with false markings affixed referencing the '940 patent, the plaintiff does not specify where or when – he merely alleges that these sales were "in or about 2007" and ""[s]ometime thereafter," ... "in this district, the United States and elsewhere." (Complaint, ¶s20,22-26). Simply stated, we find these averments are too general and thus inadequate to plead the particular facts surrounding the allegedly false marking. Inasmuch as the plaintiff has failed to state a claim upon which relief may be granted against this Defendant, the motion for dismissal is hereby granted.